**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIE HART,**
        **Petitioner,**

v.                                                              Case No. 4:06cv53/MP/MD

**JAMES R. MCDONOUGH,**
        **Respondent.**
_____

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a response (doc. 8) to which petitioner has replied (doc. 11).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

### BACKGROUND AND PROCEDURAL HISTORY

On April 13, 2004 petitioner pleaded no contest to trafficking in cocaine (Count 1), trafficking in cannabis (Count 2), possession of a firearm by a convicted felon (Count 3) and possession of drug paraphernalia (Count 4) in Leon County Circuit

Court case number 2004-CF-652 (doc. 8-4, pp. 11-23).[1] That same day, he was sentenced to fifteen years imprisonment on Counts 1, 2 and 3,[2] and 57 days in jail on Count 4 with credit for 57 days time served (*id.*). Also on April 13, 2004 petitioner entered guilty admissions to violating his probation in Leon County Circuit Court case numbers 2001-CF-2274 and 2002-CF-1112 (*id.*). His probation in both cases was revoked, and he was adjudicated guilty and sentenced to three fifteen-year terms of imprisonment[3] to run concurrently with the sentences imposed in case number 2004-CF-652 (*id.*). Petitioner did not appeal (doc. 1, p. 2). He later filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, claiming that he was denied effective assistance of counsel on various grounds, which motion was denied (doc. 8-3. pp. 27-41 and 8-4 pp. 1-24). His appeal of the denial of his motion for post-conviction relief was unsuccessful, with the mandate issuing September 2, 2005 (doc. 8-2, p. 19). Petitioner now seeks federal habeas relief.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state

---

[1] Because there was no direct appeal, the state court record consists of petitioner's 3.850 motion and appeal of the order denying it. Since the numbering in the record is somewhat confusing, references to the record in this report and recommendation will be to this court's docket number and pagination.

[2] There was a 15-year minimum mandatory sentence on Count 1, a 3-year minimum mandatory on Count 2, and a 3-year minimum mandatory on Count 3.

[3] In case number 2001-CF-2274, petitioner was sentenced on Count 1 to fifteen years imprisonment, concurrent with the sentence imposed on Count 1 in case number 2004-CF-652. In case number 2002-CF-1112, he was sentenced on Counts 1 and 2 to fifteen-years terms of imprisonment, concurrent with all other cases.

court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> **(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–**
> > **(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
> > **(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> **In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas

court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine

whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

   Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court

"decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual

**determinations made by a state court).**

## PETITIONER'S GROUNDS FOR RELIEF

Petitioner presents four grounds for relief, all based on claims that he was denied his constitutional right to the effective assistance of counsel in connection with his pleas.

**Clearly Established Federal Law**

When a prisoner contends that ineffective assistance of counsel led him to enter an improvident guilty or no contest plea, courts apply the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990)(citing *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 136 (1977)).  Under *Strickland*, in order to prevail upon a claim of ineffective assistance of counsel the petitioner must prove that:  (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668 at 694, 104 S.Ct. 2052.

"The purpose of ineffectiveness review is not to grade counsel's performance."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*).  In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.  *Chandler* at 1314.  "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994).  In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's

performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.

*Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). Plaintiff's claims

will be reviewed in light of the above.

**Federal Review of State Court Decision**

    **1.**   **Counsel misadvised petitioner on the length of sentence he would serve.**

Petitioner first contends that his lawyer "advised" him that if he pleaded to a fifteen year sentence, "[the] way D. O. C. was doing things, six years was the most that the Petitioner would have to serve until being entitled to release." (Doc. 1, p. 6). This, he says, was a clear misrepresentation, and had he known that he would have to serve the entire fifteen years, he would have insisted on going to trial.

Petitioner presented this claim to the trial court in his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. The court denied relief in a written order but without a hearing (doc. 8-4, pp. 6-24). Relying on the plea and sentencing transcript, the Rule 3.850 court reasoned that petitioner was present at the plea colloquy, heard the entire discussion concerning his sentence, agreed that there had been no promises made that were not disclosed in open court, and asked no questions when given the opportunity. Relevant sections from the plea colloquy of April 13, 2004 follow:

> MS. WHITE (defense counsel): [After indicating that petitioner would withdraw his previously entered plea of not guilty and enter a plea of no contest] On Count 1 it's 15 years minimum mandatory DOC, $250,000 mandatory fine. Count 2, 15 years DOC, three years minimum mandatory, with a $25,000 mandatory fine. And Count 3, 15 years DOC with court costs. And Mr. Hart does have 50 days - - excuse me, 57 days time served in jail at this time.
>
> THE COURT: Okay, and that will be the sentence on Count 4, time served?
>
> MS. WHITE: Yes, Your Honor.
>
> THE COURT: The minimum mandatory is based on the amount of drugs?
>
> MS. WHITE: Yes, Judge.
>
>     [There followed discussion of petitioner withdrawing his previously

entered denial of violations of probation and admitting the violations.]

THE COURT: All right, Mr. Hart, do you understand all that?

THE DEFENDANT: Yes, sir.

   * * *

THE COURT: All right, Mr. Hart, do you understand all of those - - all of these sentences that you've agreed to?

THE DEFENDANT: Yes, sir.

THE COURT: And this is what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: You understand there are mandatory minimum sentences based upon the amount of drugs that was located at the time the search warrant was served?

THE DEFENDANT: Yes, sir.

> [There followed discussion of time served on the VOP. Petitioner was then asked if he had been given sufficient time to confer with counsel, and if he was satisfied with her representation, to which he answered affirmatively. Petitioner then agreed that he was giving up his right to a trial on the substantive charges and an evidentiary hearing on the VOP, his right to remain silent, to be represented by counsel at a trial or hearing and his right to appeal his conviction.]

THE COURT: And has anyone promised you anything different than what we've discussed here in open court to get you to enter your pleas today?

THE DEFENDANT: No, sir.

THE COURT: Do you understand there are mandatory minimum sentences?

THE DEFENDANT: Yes, sir.

   * * *

**THE COURT:** Do you understand that by entering these pleas today you'll not be able to come in here a year or two years down the road and say, I did not understand what I was doing? Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you have any questions of me before I accept your plea?

**THE DEFENDANT:** No, sir.

**THE COURT:** Do you have any questions of Ms. White before I accept this plea? I want to give you the opportunity to talk to her if you need to.

**THE DEFENDANT:** No, sir.

**THE COURT:** Do you understand when you get to the Department of Corrections, Mr. Hart, there are going to be what's called jail house lawyers there and they're going to start looking at your plea . . . . If you enter this plea today, you will not have - - you will not have any right to any kind of different credit or any other issues - - to raise any other issues other than what's been raised already, do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you have any questions? Now is the time to ask them.

> [There followed discussion of petitioner's request for a furlough, which was denied, and clarification that the conviction for being a felon in possession of a firearm included three years minimum mandatory.]

**THE COURT:** All right. Do you have any other questions, Mr. Hart?

**THE DEFENDANT:** No, sir.

(Doc. 8-4, pp. 11-22).

Petitioner now attempts to side-step his statement that there had been no promises made to him that were not disclosed in open court. He explains his position as follows: "The fact is, that the Petition [sic] did not consider the six years

information a 'promise,' but an explanation of how 15-year sentences work for everyone sentenced to prison. The Petitioner believed the information given to him by his attorney, and had no reason to doubt that information." (Doc. 1, p. 7). This takes the fine art of dissembling to a new low. Petitioner tells this court, as he told the trial court, that no promises were made, but he now wants to call in the "non-promise" as a basis to nullify his pleas. If counsel's "advice" was not a promise, then it cannot be treated as a promise. The plea colloquy shows that petitioner was told in no uncertain terms that he would be sentenced to a mandatory minimum fifteen year term, and he said he understood it.

Petitioner's sworn testimony at the plea colloquy is presumed to be truthful. "In analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Jones v. White*, 992 F.2d 1548, 1556 (11th Cir. 1993)(quoting *Hill v. Lockhart*, 474 U.S. at 56, 106 S.Ct. at 369). Additionally, the Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process." *Jones,* 992 F.2d at 1556. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.) (en banc). A defendant's statements during a [plea] colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. at 73-74, 97 S.Ct. at 1629; *see*

*also Downs-Morgan v. United States*, 765 F.2d 1534, 1541, n.14 (11th Cir. 1985). Solemn declarations made under oath in open court carry a strong presumption of verity. *Id*. They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Id*.

If, as petitioner now claims, he was led to believe that "mandatory minimum" meant anything other than "mandatory minimum," he had ample opportunity to say so. Indeed, the Court practically begged him to ask for any clarification he wanted, but he stood mute. Petitioner told the court there were no promises, but now tells this court that his attorney gave him an "explanation" of how "everyone" sentenced to prison is treated. He says this was misadvice, not a promise, but he wants it enforced as a promise.

Petitioner has failed to show that his attorney's performance was deficient because the record shows that what he now claims never happened. The Rule 3.850 court so found, and its ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

2. **Counsel misadvised petitioner that he would be housed at Wakulla Correctional Institution, close to petitioner's home.**

This claim deserves little discussion. The Rule 3.850 court denied this claim because the record belied it, for the same reasons discussed above (doc. 8-4, p. 7). Petitioner says misadvice is not a promise, but should be treated as one. However, his argument is misplaced as shown above. The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

*Case No: 4:06cv53/MP/MD*

### 3. Counsel failed to file a motion to suppress.

Petitioner asserts that the only physical evidence upon which his prosecution was based was that obtained during the execution of two search warrants lacking probable cause. Specifically, petitioner alleges that the affidavits supporting the warrants relied on information provided by an unidentified confidential informant whose credibility was not established. Petitioner claims that counsel was ineffective for failing to move to suppress the evidence, and that had counsel made that motion, petitioner would have rejected the plea offer and demanded a trial by jury (doc. 1, pp. 13-15).

Petitioner raised this ground in his motion for post-conviction relief. The state court denied relief, finding that by pleading no contest, petitioner waived any defense he had, including the right to file a motion to suppress. The court further found that petitioner was given ample opportunity to discuss his case with his attorney, told the court that he had done so and was satisfied, and failed to raise the matter when asked by the court if he had any questions of his attorney before his plea was accepted.

Indeed, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). However, the plea does not bar the collateral review of ineffective assistance of counsel claims to the extent that the alleged ineffectiveness bears upon the voluntariness of the guilty plea. *See Hill*, 474 U.S. at 53-59; *Stano v. Dugger*, 921 F.2d at 1150-51 ("The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions in his counsel's advice regarding the plea.") (citation omitted). As the undersigned previously determined, petitioner's guilty plea was voluntarily and intelligently made.

*Case No: 4:06cv53/MP/MD*

By entering a voluntary guilty plea, a defendant relinquishes the right to a jury trial, to assistance of counsel, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *United States v. Broce*, 488 U.S. 563, 573, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). The instant claim presents an instance of ineffective assistance rendered prior to entry of petitioner's no contest plea. The underlying factual basis for this claim is premised on events alleged to have occurred prior to entry of the plea rather than contemporaneously with it. Thus, petitioner's knowing and voluntary no contest plea waived his antecedent non-jurisdictional claims including this pre-plea claim of ineffective assistance of counsel because the claim does not implicate the validity of the plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Wilson*, 962 F.2d at 997 (pre-plea claim of ineffective assistance of counsel waived).

Even if not waived, petitioner's vague allegations, that do not provide sufficient facts, do not support a claim of ineffective assistance. The record before this court does not contain the probable cause affidavits, nor does petitioner relate their substance. He merely alleges that they relied on information provided by an un-named confidential informant, and that "there was no established credibility of the CI." (Doc. 1, pp. 13-15). This conclusory assertion is insufficient to satisfy either prong of the *Strickland* standard. Petitioner's allegations, even if true, fail to establish (1) that it was objectively unreasonable for trial counsel not to have filed a suppression motion, and (2) that there was any degree of likelihood that a motion to suppress would have been successful and resulted in petitioner insisting on a trial. The state court's denial of relief on this claim did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.

Case No: 4:06cv53/MP/MD

### 4. Counsel failed to inform petitioner that he was pleading to a mandatory fifteen year sentence.

For his fourth ground for relief petitioner returns to his first.  This is simply a rewording of his first ground.  The Rule 3.850 court held that during the plea colloquy petitioner acknowledged that he knew he would serve a fifteen year minimum mandatory sentence.  That is exactly what the transcript of the plea colloquy shows.  The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Accordingly, it is respectfully RECOMMENDED that the petition for writ of habeas corpus, (doc. 1) challenging the conviction and sentence in the case *of State of Florida v. Willie Hart*, in the Circuit Court of Leon County, Florida, case nos. 2001-CF-2274, 2002-CF-1112 and 2004-CF-652, be DENIED, and that the clerk be directed to close the file.

At Pensacola, Florida this 30th day of July, 2007.

/s/ *Miles Davis*
      MILES DAVIS
      UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).