IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE HART,

    Petitioner,

v.                                         CASE NO. 4:06-cv-00053-MP-MD

JAMES R. MCDONOUGH,

    Respondent.

_____/

**ORDER**

This matter is before the Court on Doc. 14, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Willie Hart's petition for writ of habeas corpus, Doc. 1, be denied. The Magistrate Judge filed the Report and Recommendation on Monday, July 30, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Petitioner Hart filed the instant petition pursuant to 28 U.S.C. § 2254, alleging four instances of ineffective assistance of counsel. First, Petitioner states that counsel misadvised him on the length of sentence he would serve. In state court, Petitioner pled no contest to trafficking in cocaine, trafficking in cannabis, possession of a firearm by a convicted felon, and possession of drug paraphernalia. Based on this plea, Petitioner was sentenced to the mandatory minimum fifteen years of imprisonment. Seeking post-conviction relief pursuant to Fla.R.Crim.P. 3.850, Petitioner argued that counsel misadvised him that by entering a no contest plea, he would serve only six years imprisonment. The state court, relying on Petitioner's plea

colloquy, found that Petitioner was fully advised about the mandatory minimum nature of his sentence, and that Petitioner swore in open court that he understood the consequences of his plea. While Petitioner objects that an evidentiary hearing is necessary, repeating his allegations that counsel gave him incorrect advice, the Court agrees with the Magistrate that Petitioner has not met his burden of demonstrating that the state court decision misapplied or was contrary to clearly established federal law.

In his second ground for relief, Petitioner contends that counsel misadvised him as to which correctional institution he would be incarcerated. This claim was raised before and rejected by the Rule 3.850 court. The Court agrees with the Magistrate that the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1).

Petitioner next claims that counsel was ineffective by failing to file a motion to suppress. Petitioner raised this ground in his motion for post-conviction relief, which was denied. Because Petitioner entered his plea knowingly and voluntarily, the Magistrate states that Petitioner thereby waived any claims for ineffective assistance that do not implicate the validity of the plea. In the alternative, the Magistrate states that Petitioner's vague and conclusory allegations fail to meet the burden of overcoming the presumption of correctness attached to the state-court's finding of facts. Petitioner does not address either defect, and instead merely repeats hornbook Fourth Amendment jurisprudence. Thus, the Court agrees with the Magistrate that Petitioner has failed to demonstrate that his counsel was ineffective on this ground.

Finally, Petitioner states that counsel was ineffective by failing to inform him that he was pleading to a mandatory fifteen year sentence. As the Magistrate points out, this is simply a

rewording of Petitioner's first ground for relief.  For the reasons previously stated, the Court agrees with the Magistrate.  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Petitioner Hart's petition for writ of habeas corpus, Doc. 1, is DENIED.

**DONE AND ORDERED** this   *10th* day of September, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge